graphed appellant's points, on condition that the appellant serves one copy of the typewritten or mimeographed appellant's points upon the District Attorney, Bronx County, and files 6 typewritten or 19 mimeographed copies of appellant's points, together with the original record with this court, and on the further condition that the appeal be perfected and noticed for argument for a term on or before the November 1961 Term of this court. Anthony F. Marra, Esq., of 100 Centre Street, New York, New York, is assigned as counsel for the appellant for the purposes of the appeal. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. ROBERT SAMUEL WHITE.— Motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order filed herein. Concur — Botein, P. J., Breitel, Rabin, Valente and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. ROBERT WHITE.— Motion for leave to appeal as a poor person dismissed as academic in view of the decision of this court (*People* v. *White,* 13 A D 2d 927) decided simultaneously herewith. Concur — Botein, P. J., Breitel, Rabin, Valente and Steuer, JJ.

## (June 20, 1961)

■ SAUL ROMAN, an Infant, by CARLOS M. RIOS, His Guardian ad Litem, et al., Appellants, v. CITY OF NEW YORK, Respondent.

APPEAL from a judgment of the Supreme Court in favor of defendant, entered June 25, 1959, in Bronx County, upon verdict rendered at a Trial Term.

*Per Curiam.* Plaintiffs, an infant and his father, appeal from a judgment entered upon a verdict in favor of defendant after trial of an action to recover damages for personal injuries suffered by the infant plaintiff.

Plaintiffs assert that the Trial Judge committed prejudicial error in the receipt of certain evidence concerning plaintiff father's relief status, in not permitting plaintiffs to explain inconsistent statements in their two notices of claim, and in the charge and subsequent instructions to the jury. Even if the evidence concerning the father's relief status had been excluded and the inconsistent statements in the notices of claim satisfactorily explained, no prima facie case would have been established in the opinion of some of us; and all of us are of the opinion that a verdict returned in such circumstances, if attacked as against the weight of the credible evidence, would have had to be set aside if in favor of plaintiffs and, conversely, could not have been set aside if in favor of defendant.

The infant plaintiff suffered severe burns following an explosion which resulted when a lighted match was applied at the neck of an automobile gasoline tank, which was separate and detached from any automobile. The testimony presented by plaintiffs upon the trial was to the effect that an unidentified boy had thrown a lighted match into the tank while the infant plaintiff was peering down the neck. In the two notices of claim served upon defendant city prior to trial it was stated that the infant plaintiff had himself lighted the matches.

At the time of the accident the tank was resting within the 200-foot width of Randall Avenue, in Bronx County. It is undisputed, however, that the accident occurred in what was then an uncompleted section of Randall Avenue; the roadway was rough, uneven, not yet paved and covered with rocks, shrubbery and weeds.

According to somewhat unsatisfactory and conflicting testimony by plaintiffs and their witnesses an abandoned car was seen at various places on Randall Avenue for periods ranging from two weeks to two months prior to the acci-